NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MILLENNIUM DENTAL TECHNOLOGIES, INC.,**
*Plaintiff-Appellant,*

v.

**FOTONA D.D.,**
*Defendant-Appellee.*

---

2010-1428

---

Appeal from the United States District Court for the Central District of California in case no. 09-CV-1792, Judge Manuel L. Real.

---

## ON MOTION

---

Before GAJARSA, MAYER, and PROST, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

## ORDER

Millennium Dental Technologies, Inc. (Millennium) moves for a stay, pending disposition of this appeal, of the district court's September 30, 2010 Order and February 7,

2011 contempt proceedings. Fotona D.D. (Fotona) opposes. [1] Millennium moves for leave to file a reply.

The power to stay an injunction pending appeal is part of a court's "'traditional equipment for the administration of justice.'" *Nken v. Holder*, 129 S.Ct. 1749, 1757 (2009) (citing *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)). A stay, however, is not a matter of right but instead an exercise of judicial discretion. *Nken*, 129 S.Ct at 1761. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskilt*, 481 U.S. 770, 776 (1987).

Based on the arguments in the motions papers, and without prejudicing the ultimate disposition of this case by a merits panel, we determine that Millennium has met its burden to obtain a stay of the district court's September 30, 2010 Order enforcing a settlement agreement between the parties.

Accordingly,

IT IS ORDERED THAT:

The motions are granted.

---

[1] This court previously issued an order stating "[t]he district court should hold in abeyance its contempt proceedings, pending this court's ruling on the motion to stay."

FOR THE COURT

JUN 2 2 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: James S. Azadian, Esq.
Philip J. Graves, Esq.

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

JUN 2 2 2011

**JAN HORBALY**
**CLERK**